PEOPLE v CALLOWAY (ON REMAND)

Docket No. 118061. Submitted June 9, 1989, at Lansing. Decided September 18, 1989.

Howard Everett Calloway was convicted of first-degree murder and possession of a firearm during the commission of a felony. Defendant appealed, and the Court of Appeals reversed, holding that the prosecutor improperly questioned one of his witnesses in regard to the witness' religious beliefs, 169 Mich App 810 (1988). The people sought leave to appeal and the Supreme Court, in lieu of granting leave to appeal, vacated the judgment of the Court of Appeals and remanded for consideration of whether the case could be distinguished from *People v Hall,* 391 Mich 175 (1974), either because the questions were a relevant inquiry into the witness' activities at the time of the killing or because the witness being questioned was not the defendant, 432 Mich 902 (1989).

On remand, the Court of Appeals *held:*

1. The case is distinguishable from *People v Hall* since the questions in this case were part of a relevant inquiry about the witness' activities at the time of the killing.

2. The statute prohibiting questions about a witness' opinions on religion does not distinguish between defendants and other witnesses.

Affirmed.

WEAVER, J., concurred but wrote separately to state her opinion that the rule established in *People v Hall* does not need to be reconsidered.

CRIMINAL LAW — WITNESSES — RELIGIOUS BELIEFS.

The statute providing that a witness may not be questioned concerning his opinions on religion does not prohibit questions concerning religion where the questions are part of a relevant inquiry about the witness' activities at the time of the crime (MCL 600.1436; MSA 27A.1436).

REFERENCES

Am Jur 2d, Witnesses §§ 426, 433, 533.

See the Index to Annotations under Religion and Religious Societies.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *James J. Gregart,* Prosecuting Attorney, and *James J. Lait,* Assistant Prosecuting Attorney, for the people.

*Marovich & Stroba* (by *Milton J. Marovich*), and Howard Everett Calloway, in propria persona.

ON REMAND

Before: Cynar, P.J., and Weaver and McDonald, JJ.

Cynar, P.J. A circuit court jury convicted the defendant of first-degree murder, MCL 750.216; MSA 28.548, and possession of a firearm during the commission of a felony, MCL 750.227b; MSA 28.424(2). On appeal, this Court found reversal was mandated by improper questioning by the prosecutor of one of his witnesses in regard to the witness' religious beliefs. *People v Calloway,* 169 Mich App 810; 427 NW2d 194 (1988).

The Supreme Court considered the application for leave to appeal and, pursuant to MCR 7.302(F)(1), in lieu of granting leave to appeal, vacated the judgment of our Court and remanded the case to this Court for further consideration. 432 Mich 902 (1989). On remand, we are ordered to consider: (1) whether this case can be distinguished from *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974), because the questions were part of a relevant inquiry about the witness' activities at the time of the killing; and (2) whether this case can be distinguished from *Hall, supra,* because the witness being questioned was someone other than a defendant facing criminal charges.

Except as otherwise noted in our discussion herein, we include by reference the testimony as

stated in our opinion prior to remand to this Court.

Testimony of witnesses other than Ola Reed had indicated that the suspect vehicle involved in the crime was a blue van owned by the defendant. The shooting occurred sometime around noon.

On direct examination, Ola Reed stated that, on the day of the shooting, she saw Johnny Reed at her house around 9:00 in the morning. Later in the day, Pastor Elden J. W. Mitchell of the Lively Stone Church, where Ola Reed was a member, picked her up at her house around noon in a blue van which had windows. He drove her to the hospital located downtown. At this point, the prosecutor asked:

*Q.* Ola, are you a religious person?
*A.* Yes.
*Q.* Okay. How long have you belonged to the church you go to now?
*A.* For nine years.

Immediately following a cross examination, Ola Reed acknowledged that the only time she was in a blue window van was around noon when her pastor picked her up together with the four children she was baby sitting to take her to the hospital. This was after the shooting.

Const 1963, art 1, § 18 states:

No person shall be rendered incompetent to be a witness on account of his opinions on matters of religious belief.

Further, MCL 600.1436; MSA 27A.1436 states:

No person may be deemed incompetent as a witness, in any court, matter or proceeding, on

account of his opinions on the subject of religion. No witness may be questioned in relation to his opinions on religion, either before or after he is sworn.

In *People v Hall, supra,* p 180, the prosecutor prefaced his line of questioning in the following manner:

> *Prosecutor:* I forgot to ask you, Mr. Hall, whether or not you believe in the Supreme Being.
> *Mr. Hall:* Yes, I do.

The prosecutor next asked a number of questions, which gave the impression that the truthfulness of the answers depended on the defendant's belief or disbelief in the Supreme Being. The questions were: "*Mr. Prosecutor:* You do. And you would not tell a falsehood to save yourself?" "*Mr. Prosecutor:* Would you tell a falsehood to get out of this crime, sir?" "*Prosecutor:* Would you tell a falsehood in order to get out this case?" and "*Prosecutor:* You couldn't answer that?"

The *Hall* Court decided that the cross examination was clearly incompetent. Further, the Court observed, once such a question is asked, a new trial is mandated, *Hall, supra,* p 183. All the same, the Court indicated an exception, stating in part:

> [U]nless it can be shown belief or disbelief in a God has no reference to "opinions on the subject of religion." [391 Mich 181.]

We believe this case to be distinguishable from *Hall, supra.* First, the direct examination before and after the two brief questions which were asked had no reference to "opinions on the subject of religion." Secondly, a fair reading of the testimony of Ola Reed indicates the questions were part of a relevant inquiry about the witness' activities at the time of the killing.

Additionally, the remand to this Court is for further consideration whether this case can be distinguished from *People v Hall, supra,* because the witness being questioned was someone other than a defendant facing criminal charges.

Our statute (MCL 600.1436; MSA 27A.1436) states in part:

> No witness may be questioned in relation to his opinions on religion, either before or after he is sworn.

Under the statute as written, there is little room for discussion. The statute does not distinguish a witness who is a defendant facing criminal charges from any other witness.

However we would urge the Court, when the facts in a case before the Court are appropriate, to reconsider it's position in *People v Hall, supra,* that once improper questions are asked, a new trial is mandated. We believe the facts in this case are appropriate for such reconsideration.

For the reasons stated herein, we affirm the defendant's convictions.

Affirmed.

MCDONALD, J., concurred.

WEAVER, J. *(concurring).* I concur with my colleagues that this case is distinguishable from *People v Hall,* 391 Mich 175; 215 NW2d 166 (1974), because the questions were part of a relevant inquiry about the witness' activities at the time of the killing and because the direct examination before and after the questions had no reference to "opinions on the subject of religion." *Id.* at 181, citing *People v Jenness,* 5 Mich 305, 319 (1858). However, I do not believe that the analysis provided by *Hall, supra,* needs revisiting. In my view,

improper questioning of a witness on the subject of religion may not be deemed harmless.